# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Johnson, Barbara A. Craig, and Stephanie L. Walker, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>Arizona Hospital and Healthcare Association et al.,<br><br>        Defendants. | No. CV 07-1292-PHX-SRB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASSES, AND APPROVAL OF THE FORM OF NOTICE** |

WHEREAS a consolidated class action is currently pending before the court entitled *Johnson et al. v. Arizona Hospital and Healthcare Association et al.*, No. CV07-1292-PHX-SRB (D.Ariz.) (the "Litigation");

WHEREAS, the Court has reviewed Plaintiffs' Motion for Preliminary Approval of Settlement, Certification of the Settlement Classes, Approval of the Form of Notice, and the Memorandum in Support, including all supporting exhibits, filed on September 9, 2010 ("Plaintiffs' Motion"); and has reviewed the Class Settlement Agreement and Release dated September 3, 2010, and exhibits thereto (the "Settlement Agreement"); and the AzHHA Class Settlement and Release Agreement, dated September 3, 2010, and the exhibits thereto (the "AzHHA Settlement Agreement"), attached to Plaintiffs' Motion as Exs. A and C, respectively (collectively, the "Settlement Documents" or the "Settlement");

WHEREAS, the Parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation with respect to those defendants identified in Ex. 1 to the Settlement Agreement, and the defendants identified in the AzHHA Settlement Agreement, (collectively, "All Settling Defendants"), in accordance with the terms and conditions set forth in the Settlement Documents for a proposed settlement of the Litigation, and for dismissal with prejudice of the Litigation with respect to All Settling Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Settlement Documents; and,

WHEREAS, except where otherwise defined herein, all capitalized terms contained herein shall have the same meanings as set forth in the Settlement Agreement and the AzHHA Settlement Agreement;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     The Court hereby amends the definition of the Per Diem class previously certified by Order dated July 14, 2009 (Doc. 584), and hereby modifies the Per Diem class definition as follows:

> The "Per Diem Settlement Class" is defined as:  All natural persons who have provided Per Diem Nurse Services in the state of Arizona for any Defendant or other Participating Hospital at any time from January 1, 1997, until September 12, 2007.
>
> **Excluded** from the Per Diem Settlement Class are (a) Defendants and their parents, officers, directors, subsidiaries

and affiliates;  (b) those natural persons whose sole activity during the Class Period was: (i) working for one of the Defendants' or other Participating Hospitals' internal registries or pools and not through an agency, and/or (ii) being employed directly by one or more of the Defendants or Participating Hospitals but not working through an agency; and (c) those natural persons whose sole activity working for one or more of the Defendants or Participating Hospitals during the Class Period was for a Defendant or other Participating Hospital which was not at that time participating in the AzHHA registry program.

The temporary Per Diem nurses services, or positions, included in the Per Diem Settlement Class, and the time periods each position is included, are as identified in Ex. 6 to the Settlement Agreement.  The dates of participation of Defendants and other participating hospitals in the per diem registry program are set forth in Ex. 1 to Ex. 3 to the Settlement Agreement.

2.  The Court hereby certifies a settlement class of traveler nursing personnel, in connection with and solely for purposes of settlement, defined as follows:

The "Traveler Settlement Class" is defined as:  All natural persons who have provided Traveling Nurse Services in the state of Arizona for any Defendant or other Participating Hospital at any time from January 1, 1997, until September 12, 2007.

**Excluded** from the Traveler Settlement Class are (a) Defendants and their parents, officers, directors, subsidiaries and affiliates;  (b) those natural persons whose sole activity during the Class Period was: (i) working for one of the Defendants' or other Participating Hospitals' internal registries or pools and not through an agency, and/or (ii) being employed directly by one or more of the Defendants or Participating Hospitals but not working through an agency; and (c) those natural persons whose sole activity working for one or more of the Defendants or Participating Hospitals

during the Class Period was for a Defendant or other
Participating Hospital which was not at that time participating
in the AzHHA registry program.

The temporary Traveler nurse services, or positions, included within the Traveler

Settlement Class, and the time periods each position is included, are as identified in Ex.

7 to the Settlement Agreement. The dates of participation of Defendants and other

participating hospitals in the travel registry program are set forth in Ex. 3 to Ex. 3 to the

Settlement Agreement.

3.     The Court finds that, in connection with the settlement, and based on

Plaintiffs' Motion and the prior briefing on class certification and all exhibits thereto:

(a)     The Traveler Settlement Class is so numerous that joinder of all

members  is impracticable, satisfying the requirements of Rule 23(a)(1);

(b)     There are questions of law or fact common to the Traveler

Settlement Class, satisfying the requirements of Rule 23(a)(2);

(c)     The claims of the Plaintiffs are typical for settlement purposes of the

claims of the Traveler Settlement Class, satisfying the requirement of Rule 23(a)(3);

(d)     The Plaintiffs, as representative parties, will fairly and adequately

protect the interests of   each Settlement Class, satisfying the requirement of Rule

23(a)(4);

(e)     Barbara A. Craig and Stephanie L. Walker are hereby appointed as

class representatives of the Traveler Settlement Class;

(f)     The Court hereby appoints David F. Sorensen of the law firm of Berger & Montague, P.C. and David Balto of the Law Offices of David Balto as Co-Lead Class Counsel for the Traveler Settlement Class and of the Per Diem Settlement Class ("Co-Lead Class Counsel"), and Mark Samson and the law firm of Keller Rohrback, L.L.P. and Allen Grunes and the law firm of Brownstein Hyatt Farber Schrek as Class Counsel, having determined that the requirements of Rule 23 of the Federal Rules of Civil Procedure are fully satisfied by their respective appointments;

(g)     Questions of law and fact common to the members of the Traveler Settlement Class, considered in the context of and in light of the settlement, predominate over questions affecting only individual members, and a class action is superior to other methods available for the fair and efficient settlement of the controversy, satisfying the requirements of Rule 23(b)(3).

4.     The certification of the Traveler Settlement Class is contingent on and for the purposes of settlement only.  If the Settlement does not become final for any reason, Plaintiffs and All Settling Defendants shall be restored to their respective positions as if no settlement agreement had been reached.  Moreover, if the Settlement does not become final for any reason, All Settling Defendants shall not have waived any objections they may have or may have asserted to the certification of any class, whether of traveler or per diem personnel.

5.     Upon review of the record and the Settlement Documents, the Court finds that the proposed Settlement, which includes a cash payment totaling $22,476,818.18 by All Settling Defendants into escrow accounts, which will be used to satisfy payments to Class Members who submit valid and timely claim forms, payments for any attorneys

fees, costs and expenses that may be awarded, any incentive awards, payments for tax liabilities, and other costs pursuant to the terms of the Settlement Agreement and the AzHHA Settlement Agreement, and which provides for prospective relief, in exchange for, *inter alia*, dismissal of the Litigation with prejudice and certain releases of claims with respect to All Settling Defendants by Plaintiffs and the Settlement Classes as set forth in the Settlement Agreement and the AzHHA Settlement Agreement, was arrived at by arm's length negotiations by highly experienced counsel after three years of litigation and after four days of mediation conducted by an experienced, outside mediator, the Hon. Edward Infante (Ret.), falls within the range of possible approved settlements, and is hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

6.      Within 30 days after the date of entry of this Order, Co-Lead Class Counsel shall cause copies of the Mailed Notice, substantially in the form attached as Ex. 3 to the Settlement Agreement, including the Claim Form, to be mailed by first class mail, postage prepaid, to all members of the Settlement Classes, to the extent that they can be identified with reasonable diligence.

7.      Co-Lead Class Counsel shall cause to be published the Published Notice, which shall be substantially in the form attached as Ex. 4 to the Settlement Agreement, in publications and other media identified in the publication plan attached as Ex. 5 to the Settlement Agreement as closely as is practical, taking into account the date of preliminary approval and the deadlines of the various media.

8.      The foregoing forms of Class Notice, and the notice plan as set forth in Ex. 5 to the Settlement Agreement and in the Declaration of the Claims Administrator, consisting of both first class mail notice to all class members whose identities and addresses could be identified with reasonable effort, and of publication in print and online

media specifically chosen as likely to be read by potential class members, are hereby found to be reasonable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement and Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

9.      The costs of notice and, as incurred, of processing of claims, shall be paid out of the Settlement Fund and the AzHHA Settlement Fund.

10.     To effectuate the Settlement and notice provisions, Co-Lead Class Counsel has designated and the Court appoints RG/2 Claims Administrator LLC as the Claims Administrator ("Claims Administrator"), to be responsible for: (a) establishing a P.O. Box, website and toll-free phone number (to be included in the Class Notice) for the purpose of communicating with members of the Settlement Classes; (b) disseminating or causing to be published the Class Notice to the Settlement Classes; (c) accepting and maintaining documents sent from members of the Settlement Classes including opt-out forms, claim forms, and other documents relating to claims administration; and (d) administering claims for allocation of funds among members of the Settlement Classes in association, as needed, with other professionals, including economists.

11.     As described in the Class Notice, any Class member may opt out of the Class by mailing a completed Request for Exclusion form or other clear request for exclusion to the Claims Administrator postmarked on or before January 14, 2011. Persons or entities that request exclusion from the Settlement Classes shall not be entitled to share the benefits of Settlement, nor be bound by any judgment, whether favorable or adverse.

12.     Any class member who does not properly and timely mail a Request for Exclusion as set forth above shall be included in the Settlement Classes and shall be bound by all the terms and provisions of the Settlement Agreement and AzHHA Settlement Agreement, whether or not such potential class member of the Class shall have objected to the Settlement and whether or not such potential member of the Class makes a claim upon or participates in the Settlement.

13.     The Court hereby approves the proposed Claim Form and proposed Plan of Allocation submitted by Plaintiffs as fair and reasonable.

14.     Co-Lead Class Counsel and Class Counsel shall file their application for attorneys' fees and costs and expenses, and application for incentive awards for Plaintiffs on or before January 28, 2011.  As set forth in the Settlement Documents, all amounts awarded for attorneys' fees, costs and expenses, and incentive awards, shall be awarded from the Settlement Fund and AzHHA Settlement Fund.

15.     Objections to the Settlement and/or the fee application by class members must be post-marked on or before February 11, 2011.

16.     Co-lead Class Counsel shall file their motion for final approval of the Settlement on or before February 25, 2011.

17.     The Court will hold a final Fairness Hearing on **March 4, 2011, at 9:00 a.m.** in Courtroom 502 at the United States District Court for the District of Arizona, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix Arizona, 85003, to consider: (a) the fairness, reasonableness, and adequacy of the Settlement; (b) the fee petition and application for an incentive award by Plaintiffs.

18.     Any member of the Settlement Classes who has not filed a Request for Exclusion,  may appear at the Fairness Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition of the

fairness, reasonableness and adequacy of the Settlement, the fee petition and incentive award, or plan of allocation; provided, however, that no person shall be heard in opposition to the Settlement, the fee petition, incentive award, or plan of allocation, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless such person has delivered by hand or sent by first class mail written objections, postmarked no later than February 11, 2011, to:

> Clerk of the Court
> *Johnson et al., v. Arizona Hospital and Healthcare et al.*, No. 07-1292
> United States District Court for the District of Arizona
> Sandra Day O'Connor U.S. Courthouse
> 401 W. Washington St.
> Phoenix Arizona, 85003

with copies to David F. Sorensen, Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103; and Joel W. Nomkin, Perkins Coie Brown & Bain, 2901 N. Central Ave., Phoenix, AZ 85012.

19.    Any member of the Settlement Classes who does not make his or her objection in the manner and by the time provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Settlement Agreement and AzHHA Settlement Agreement, to the plan of allocation, or to the award of attorneys' fees and expenses to Co Lead Class Counsel and Class Counsel, unless otherwise ordered by the Court.  The manner in which a notice of objection shall be prepared, filed, and delivered shall be stated in the Notice.

20.    Class members shall submit their Claim Forms within ninety (90) days of the Final Fairness Hearing.

21.     The date and time of the Fairness Hearing shall be set forth in the Class Notice, but shall be subject to change by the Court without further notice to the members of the Settlement Classes other than that which may be posted at the Court, on the Court's website and the website created for the administration of the Settlement by the Claims Administrator. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Classes.

22.     The passage and title and ownership of the Settlement Fund and the AzHHA Settlement Fund to the Escrow Agent in accordance with the terms and obligations in the Settlement Agreement and the Escrow Agreement, and the AzHHA Settlement Agreement and AzHHA Escrow Agreement, is approved.  No person who is not a member of the Settlement Classes or Co-Lead Class Counsel or Class Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement or AzHHA Settlement Agreement.

23.      All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement, the AzHHA Settlement Agreement, and/or further order(s) of the Court.

24.     All reasonable expenses incurred in identifying and notifying members of the Settlement Classes, as well as administering the Settlement Fund and AzHHA Settlement Fund, shall be paid as set forth in the Settlement Agreement and AzHHA Settlement Agreement.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs, Co-Lead Class Counsel, Class Counsel nor Settling Defendants shall have any obligation to repay any amounts actually

and properly disbursed from the Settlement Fund and AzHHA Settlement Fund or contractually bound to be paid.

25.    If the Settlement does not become effective or final or is terminated or rescinded for any reason, any and all amounts constituting the Settlement Fund and AzHHA Settlement Fund, less any amounts disbursed, or approved to be disbursed and which Plaintiffs are contractually bound to pay, for Class Notice, claims processing, and/or pursuant to Paragraph 51 of the Settlement Agreement and AzHHA Settlement Agreement (together with any net interest earned) shall be returned as set forth in the Settlement Agreement and AzHHA Settlement Agreement.

26.    In the event the Settlement is terminated in accordance with the provisions of the Settlement Agreement and AzHHA Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except to the extent such nullification and voidance would be contrary to the Settlement Agreement or AzHHA Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, All Settling Defendants and the members of the Settlement Classes.

27.    In accordance with the Settlement Agreement and the AzHHA Settlement Agreement, neither the agreements themselves, nor any and all of the negotiations, statements, and proceedings in connection herewith, shall be construed or deemed to be evidence of an admission or concession on the part of Plaintiffs, any settling Defendant, any of the Releasees, any member of the Settlement Classes, or any other person of the truth of any of the allegations in the Litigation and of any liability, fault or wrongdoing of any kind.

28.    Except as otherwise provided in ¶ 69 of the Settlement Agreement and ¶ 69 of the AzHHA Settlement Agreement, with respect to All Settling Defendants: (a) the stay of all proceedings in this matter, pursuant to the Court's order of October 20, 2009

(Doc. No. 608), shall remain in effect until the Court issues an order as to final approval of the settlement; and (b) during this time, all discovery deadlines shall remain stayed, and the running of the deadline for the close of fact discovery shall remain tolled.

29.    With respect to the non-settling defendants: (a) the stay of all proceedings in this matter, pursuant to the Court's order of October 20, 2009 (Doc. No. 608), shall remain in effect until further order of the court; and (b) during this time, all discovery deadlines shall remain stayed, and the running of the deadline for the close of fact discovery shall remain tolled.

Dated this 27th day of September, 2010.

Susan R. Bolton
United States District Judge