IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Johnson, Barbara A. Craig, and Stephanie L. Walker on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Arizona Hospital and Healthcare Association et al.,<br><br>    Defendants. | No. CV07-1292-PHX-SRB |

**ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, AWARDING ATTORNEYS' FEES, COSTS AND EXPENSES, AWARDING REPRESENTATIVE PLAINTIFF INCENTIVE AWARDS, APPROVING PLAN OF ALLOCATION, AND ORDERING DISMISSAL AS TO THE AzHHA DEFENDANTS**

The Court, having considered (a) the Plaintiffs' Motion and Memorandum of Points and Authorities In Support of Motion for (1) Final Approval; of the Settlement and Plan of Allocation, (2) Award of Attorneys' Fees, Costs and Expenses; and (3) Service Awards to the Representative Plaintiffs; (b) Plaintiffs' Motion for An Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to the Class Representatives for Their Efforts On Behalf of Class Members, and Memorandum in Support (Doc. No. 650); (c) Proposed Allocation Plan By Hal J. Singer PH.D. ("Singer Declaration");and all exhibits attached thereto; (g) and having held a hearing on March 4, 2011; and having considered all of the submissions and arguments with respect thereto; pursuant to Rule 23 and 54 of the Federal Rules of Civil Procedure, and in accordance with the terms of the AzHHA Class Settlement Agreement and Release between Plaintiffs ("Plaintiffs") and the Arizona Hospital and Healthcare Association

and AzHHA Service Corporation (collectively, "AzHHA") dated September 3, 2010 (the "AzHHA Settlement Agreement"), it is hereby **ORDERED, ADJUDGED and DECREED that:**

    1.    This Order and Final Judgment (the "AzHHA Final Judgment") incorporates by reference the definitions in the AzHHA Settlement Agreement, and all capitalized terms used herein shall have the same meaning set forth in the AzHHA Settlement Agreement. As set forth in the Preliminary Approval Order (Doc. No. 642), dated September 27, 2010, the previously certified Classes are defined as follows:

> (a)    The "Per Diem Settlement Class" is defined as: All natural persons who have provided Per Diem Nurse Services in the state of Arizona for any Defendant or other Participating Hospital at any time from January 1, 1997, until September 12, 2007;
>
> (b)    The "Traveler Settlement Class," is defined as: All natural persons who have provided Traveling Nurse Services in the state of Arizona for any Defendant or other Participating Hospital at any time from January 1, 1997, until September 12, 2007.
>
> "Per Diem Nurse Services" are those positions, for those years, as set forth in Exhibit 6 to the AzHHA Settlement Agreement.
>
> "Travel Nurse Services" are those positions, for those years, as set forth in Exhibit 7 to the AzHHA Settlement Agreement.
>
> **Excluded** from both Settlement Classes are (a) Defendants and their parents, officers, directors, subsidiaries and affiliates; (b) those natural persons whose sole activity during the Class Period was (i) working for one of the Defendants' or other Participating Hospitals' internal registries or pools and not through an agency, and/or (ii) being employed directly by one or more of the Defendants or Participating Hospitals but not working through an agency; and (c) those natural persons whose sole activity working for one or more of the Defendants or Participating Hospitals during the Class Period was for a Defendant or other Participating Hospital which was not at that time participating in the AzHHA registry program. (collectively, the "Classes")

2. The Court has jurisdiction over these actions and over each of the parties and over all members of the Classes.

3. As required by the Court in the Preliminary Approval Order, notice of the proposed AzHHA Settlement was mailed by first-class mail to all members of the Classes whose addresses could be found after reasonable investigation and by publication in periodicals, newspapers and in websites likely to be read by class members. Such notice to members of the Classes is hereby determined to be fully in compliance with requirements of Fed.R.Civ. P.23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

4. Due and adequate notice of the proceedings having been given to the Classes and a full opportunity having been offered to the Classes to participate in the fairness hearing, it is hereby determined that all members of the Classes are bound by this AzHHA Final Judgment.

5. The Settlement of this Plaintiffs' Action was not the product of collusion between Plaintiffs and AzHHA or their representative counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Co-Lead Class Counsel and Class Counsel[1] and AzHHA's counsel. The parties also conducted two rounds of mediation, totaling four days, with an outside mediator, retired Judge Edward A. Infante.

6. The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed AzHHA Settlement, and has been advised that there have been no objections to the AzHHA Settlement.

---

[1] The Court appointed David F. Sorensen of Berger & Montague, P.C. and David Balto, Law Offices of David Balto, as Co-Lead Class Counsel and Mark Samson of Keller Rohrback, L.L.P. and Allen Grunes of Brownstein Hyatt Farber Schrek as Class Counsel. See Preliminary Approval Order at ¶ 3 (f).

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the AzHHA Settlement, and finds that the AzHHA Settlement is, in all respects, fair, reasonable and adequate to Class members. Accordingly, the AzHHA Settlement shall be consummated in accordance with the terms and provisions of the AzHHA Settlement Agreement. The AzHHA Settlement, considered in connection with the separate Class Settlement Agreement and Release dated September 3, 2010 ("Settlement Agreement") between Plaintiffs and other Defendants ("Settling Defendants"), is fair, reasonable and adequate in light of the factors set forth in *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (listing the following factors as relevant to determining whether a settlement is fair, adequate and reasonable: "the strengths of plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining a class action throughout trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement." (quoting *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003)) and as follows:

   a. this case was highly complex, expensive and time consuming, and would have continued to be so if the case had not settled;

   b. there were no objections to the AzHHA Settlement by Class members;

   c. because the parties participated in extensive discovery before settlement was reached with AzHHA, Co-Lead Class Counsel and Class Counsel had a full appreciation of the strengths and weaknesses of their case before negotiating the AzHHA Settlement;

   d. Co-Lead Class Counsel, Class Counsel and the Class would have faced serious risks in establishing both liability and damages if they had decided to continue to litigate rather than settle;

   e. the government participated in prior litigation against AzHHA and entered a final judgment in *United States of America and the State of Arizona v. Arizona Hospital and Healthcare Association and AzHHA Service Corporation*, No. CV 07-1020-PHX (D. Ariz.) on September 12, 2007. The government, however, did not participate in the above-captioned case, did not obtain any monetary relief for any temporary nurses, and the final judgment in the government action providing for injunctive relief did not name any of the hospitals themselves;

   f. there was an uncertain risk of maintaining a class action through trial considering Defendants' contingent cross-appeal under Fed. R. Civ. P. 23(f) of this Court's July 14, 2009 order granting and denying in part Plaintiffs' motion for class certification; and

   g. the Settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to verdicts as to both liability and damages.

  8. As set forth in the separate Final Judgment entered as to the Settlement Agreement with other Settling Defendants (the "Final Judgment"), the Court approves the Proposed Allocation Plan By Hal J. Singer PH.D of all settlement proceeds (net of attorneys' fees, reimbursed expenses and incentive awards) as proposed by Class Counsel in the Plan of Allocation (the "Plan"), and supported by the Singer Declaration.

  9. All claims in the above-captioned action against AzHHA are hereby dismissed with prejudice, and without costs.

10. In accordance with paragraph 48 of the AzHHA Settlement Agreement, upon the AzHHA Settlement's becoming final in accordance with the terms:

> Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action (including without limitation claims under the Arizona Antitrust Act and any state or federal antitrust or unfair competition laws, and claims under any common law theories), whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to the conduct alleged in the Complaint prior to the Execution Date. The Released Claims include, without limitation, all claims related to or arising out of the facts, occurrences, transactions, or other matters alleged or which could have been alleged in the Complaint. Upon the Effective Date, Plaintiffs and Class Members shall be forever enjoined from prosecuting Released Claims against any Releasee. Released Claims do <u>not</u> include any claim unrelated to the conduct at issue in the Complaint, arising in the ordinary course of work, such as a claim based on allegations of personal injury, unpaid wages, overtime, worker's compensation, or breach of contract, or a claim such as discrimination on account of race, gender or age based on violations of federal or state statutes, laws or regulations not at issue in the Complaint.

11. Co-Lead Class Counsel and Class Counsel have moved for an award of attorneys' fees and reimbursement of costs and expenses under the common fund doctrine. The Court's order with respect to that motion is set forth in the Final Judgment, and the award of attorney's fees is made with respect to the total settlement amount paid by AzHHA and the other Settling Defendants (plus accrued interest).

12. The AzHHA Final Judgment, the AzHHA Settlement Agreement, the Settlement Agreement, the Final Judgment and all negotiations, statements, and proceedings in connection

herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Plaintiffs, AzHHA, any member of the Classes, or any other person as an admission of liability or wrongdoing by them, or of the merit of any claim or defense, and shall not be offered into evidence in any action or proceeding (except an action or proceeding to enforce the AzHHA Settlement Agreement and the settlement contemplated thereby) or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed or deemed to be evidence of, an admission or concession that the Plaintiffs or any other person has or has not suffered any damage, except that AzHHA may file the AzHHA Settlement Agreement and/or the AzHHA Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other similar theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this judgment, The United States District Court for the District of Arizona shall retain exclusive jurisdiction over all matters relating to the implementation and enforcement of the AzHHA Settlement Agreement.

14. As set forth in the Final Judgment, Class Representatives Barbara A. Craig, Stephanie L. Walker are each awarded $15,000, and Cindy Johnson is awarded $30,000 out of the Settlement Fund (as defined in the Settlement Agreement), for representing the Classes, which amounts are in addition to whatever monies these plaintiffs will receive from the Settlement Fund and/or the AzHHA Settlement Fund pursuant to the Plan of Allocation. The Court finds these awards to be fair and reasonable.

15. In the event the AzHHA Settlement does not become final in accordance with paragraph 59 of the AzHHA Settlement Agreement, this AzHHA Final Judgment shall be

rendered null and void as provided by the AzHHA Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and voided to the extent provided by and in accordance with the AzHHA Settlement Agreement.

16. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54(b). The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Classes against AzHHA in this action, allows consummation of the AzHHA Settlement, will expedite the distribution of all settlement proceeds to the members of the Classes, and there is no just reason for delay.

Dated this 4th day of March, 2011.

_____
Susan R. Bolton
United States District Judge