# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Johnson, Barbara A. Craig, and Stephanie L. Walker on behalf of themselves and all others similarly situated, | No. CV07-1292-PHX-SRB |
| Plaintiffs, | |
| vs. | |
| Arizona Hospital and Healthcare Association et al., | |
| Defendants. | |

## ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT, AWARDING ATTORNEYS' FEES, COSTS AND EXPENSES, AWARDING REPRESENTATIVE PLAINTIFF INCENTIVE AWARDS, APPROVING PLAN OF ALLOCATION, AND ORDERING DISMISSAL AS TO ALL ABRAZO DEFENDANTS

The Court, having considered: (a) the Plaintiffs' Motion and Memorandum of Points and Authorities In Support of Motion for (1) Final Approval of the Abrazo Settlement and Plan of Allocation, (2) Award of Attorneys' Fees Costs and Expenses; and (3) Service Awards to Representative Plaintiffs, filed on July 23, 2012; (b) Plaintiffs' Motion for An Award of Attorneys' Fees, Reimbursement of Expenses and Incentive Awards to the Class Representatives, filed on June 1, 2012 (Doc. No. 719); and (c) the Proposed Allocation Plan By Hal J. Singer Ph.D. ("Singer Declaration"), which was previously approved by the Court in connection with prior settlements (Doc. Nos. 664 and 665), a copy of which is attached as Exhibit C to Plaintiffs' Motion for Preliminary Approval of Abrazo Settlement, Certification of the Settlement Classes, Approval of the Form of Notice and Memorandum In Support (Doc. No. 715); and all exhibits attached thereto; and having held a hearing on August 13, 2012; and

having considered all of the submissions and arguments with respect thereto; pursuant to Rules 23, 54 and 58 of the Federal Rules of Civil Procedure, and in accordance with the terms of the Abrazo Class Settlement Agreement and Release between Plaintiffs ("Plaintiffs") and the Abrazo Defendants dated April 12, 2012(the "Abrazo Settlement Agreement"), it is hereby **ORDERED, ADJUDGED and DECREED that:**

1.      This Order and Final Judgment incorporates by reference the definitions in the Abrazo Settlement Agreement, and all capitalized terms used herein shall have the same meaning set forth in the Abrazo Settlement Agreement.  As set forth in the Preliminary Approval Order (Doc. No. 716), dated April 17, 2012, the previously certified Classes are defined as follows:

> (a)      The "Per Diem Settlement Class" is defined as:  All natural persons who have provided Per Diem Nurse Services in the state of Arizona for any Defendant or other Participating Hospital at any time from January 1, 1997, until September 12, 2007;

> (b)      The "Traveler Settlement Class," is defined as:  All natural persons who have provided Traveling Nurse Services in the state of Arizona for any Defendant or other Participating Hospital at any time from January 1, 1997, until September 12, 2007.

> "Per Diem Nurse Services" are those positions, for those years, as set forth in Exhibit 3 to the Abrazo Settlement Agreement.

> "Travel Nurse Services" are those positions, for those years, as set forth in Exhibit 4 to the Abrazo Settlement Agreement.

> **Excluded** from both Settlement Classes are (a) Defendants and their parents, officers, directors, subsidiaries and affiliates;  (b) those natural persons whose sole activity during the Class Period was (i) working for one of the Defendants' or other Participating Hospitals' internal registries or pools and not through an agency, and/or (ii) being employed directly by one or more of the Defendants or Participating Hospitals but not working through an agency; and (c) those natural persons whose sole activity working for one or more of the Defendants or Participating Hospitals during the Class Period was for a Defendant or other Participating

Hospital which was not at that time participating in the AzHHA registry program (collectively, the "Classes").

2.      The Court has jurisdiction over these actions and over each of the parties and over all members of the Classes.

3.      As required by the Court in the Preliminary Approval Order, notice of the proposed Abrazo Settlement Agreement was mailed by first-class mail to all members of the Classes whose addresses could be found after reasonable investigation and by publication in periodicals, newspapers and in websites likely to be read by class members.  Such notice to members of the Classes is hereby determined to be fully in compliance with requirements of Fed. R. Civ. P.23(e) and due process of law and is found to be the best notice practicable under the circumstances and to constitute due and sufficient notice to all entities entitled thereto.

4.      Due and adequate notice of the proceedings having been given to the Classes and a full opportunity having been offered to the Classes to participate in the fairness hearing, it is hereby determined that all members of the Classes other than those Class members who returned a timely request for exclusion are bound by this Final Order and Judgment.

5.      The Settlement of this Plaintiffs' Action was not the product of collusion between Plaintiffs and Abrazo Defendants or their representative counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Co-Lead Class Counsel and Class Counsel[1] and   Abrazo Defendants' counsel.  The parties also conducted a day of mediation with an outside mediator, Thomas Rutter.

---

[1] The Court previously appointed David F. Sorensen of Berger & Montague, P.C. and David Balto, Law Offices of David Balto, as Co-Lead  Class Counsel and Mark Samson of Keller Rohrback, L.L.P. and Allen Grunes of Brownstein Hyatt Farber Schrek  as Class Counsel. See Doc. 642 at  ¶ 3 (f).

6.      The Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed Abrazo Settlement Agreement, and has been advised that there have been no objections to the Abrazo Settlement Agreement.

7.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Abrazo Settlement Agreement, and finds that the Abrazo Settlement is, in all respects, fair, reasonable and adequate to Class members.  Accordingly, the Abrazo Settlement shall be consummated in accordance with the terms and provisions of the Abrazo Settlement Agreement.  The Abrazo Settlement is fair, reasonable and adequate in light of the factors set forth in *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (listing the following factors as relevant to determining whether a settlement is fair, adequate and reasonable: "'the strengths of plaintiffs' case; the risk, expense, complexity and likely duration of further litigation; the risk of maintaining a class action throughout trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a government participant; and the reaction of the class members to the proposed settlement.'" (quoting *Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003)) and as follows:

a.      this case was highly complex, expensive and time consuming, and would have continued to be so if the case had not settled;

b.      there were no objections to the Abrazo Settlement by Class members;

c.      because the parties participated in extensive discovery before settlement was reached with the Abrazo Defendants, Co-Lead Class Counsel and Class Counsel had a full appreciation of the strengths and weaknesses of their case before negotiating the Abrazo Settlement;

d.      Co-Lead Class Counsel, Class Counsel and the Class would have faced serious risks in establishing both liability and damages if they had decided to continue to litigate rather than settle;

e.      the government participated in prior litigation against AzHHA and entered a final judgment in *United States of America and the State of Arizona v. Arizona Hospital and Healthcare Association and AzHHA Service Corporation*, No. CV 07-1020-PHX (D. Ariz.) on September 12, 2007.  The government, however, did not participate in the above-captioned case, did not obtain any monetary relief for any temporary nurses, and the final judgment providing for injunctive relief did not name any of the hospitals themselves;

f.      there was an uncertain risk of maintaining a class action through trial  in light of the Abrazo Defendants' continued opposition to class certification of any litigation class; and

g.      the Abrazo Settlement amount is well within the range of reasonableness in light of the best possible recovery and the risks the parties would have faced if the case had continued to verdicts as to both liability and damages.

8.      The Court previously approved the Plan of Allocation as proposed by Class Counsel for the prior settlements (Doc. Nos. 664 and 665) and approves its use with the Abrazo Settlement proceeds (net of attorneys' fees, reimbursed and incurred expenses, incentive awards, notice and claims administration expenses and appropriate tax withholding).   The Plan, which had previously been summarized in the Notice of Proposed Settlement, proposes to distribute the net Settlement proceeds (together with the net proceeds from the prior settlements) based upon, *inter alia,* whether the Class Member provided Per Diem or Travel Nurse Services to a Participating Hospital during the Class Period, and based on the position the Class Member held

and the hours worked, and does so fairly and efficiently.  It directs RG/2 Claims Administration LLC, the firm retained by Class Counsel as the claims administrator, to distribute the net Abrazo Settlement proceeds (together with the net proceeds from the prior settlements) in the manner provided in the Plan and Abrazo Settlement Agreement.

9.      All claims in the above-captioned action against the Abrazo Defendants are hereby dismissed with prejudice, and without costs other than as provided for in the Abrazo Settlement Agreement and herein.

10.      In accordance with paragraph 47 of the Abrazo Settlement Agreement, upon the Abrazo Settlement's becoming final in accordance with its terms:

> Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action (including without limitation claims under the Arizona Antitrust Act and any state or federal antitrust or unfair competition laws, and claims under any common law theories), whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties, and attorneys' fees that Releasors, or any one of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have, or hereafter can, shall, or may have against the Releasees, whether known or unknown, relating in any way to the conduct alleged in the Complaint prior to the Execution Date.  The Released Claims include, without limitation, all claims related to or arising out of the facts, occurrences, transactions, or other matters alleged or which could have been alleged in the Complaint.  Upon the Effective Date, Plaintiffs and Class Members shall be forever enjoined from prosecuting Released Claims against any Releasee.  Released Claims do not include any claim unrelated to the conduct at issue in the Complaint, arising in the ordinary course of work, such as a claim based on allegations of personal injury, unpaid wages, overtime, worker's compensation, or breach of contract, or a claim such as discrimination on account of race, gender or age based on violations of federal or state statutes, laws or regulations not at issue in the Complaint.

11.     Co-Lead Class Counsel and Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses under the common fund doctrine.  Pursuant to Rules 23(h)(3) and 54(d) of the Federal Rules of Civil Procedure, and pursuant to the factors for assessing  whether  the common fund is the appropriate method of determining Class Counsels' fees in *Paul Johnson Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989) ("The common fund doctrine is properly applied, however, only if  (1) the class of beneficiaries is sufficiently identifiable, (2) the benefits can be accurately traced, and (3) the fee can be shifted with some exactitude to those benefiting") (internal quotation and citation omitted), and the reasonableness of a class action fee request as set forth in *Vizcaino v. Microsoft Corp*., 290 F.3d 1043, 1048 - 1050 (recognizing that in common fund cases, the "benchmark" award is 25% of the recovery obtained,  and identifying the following factors as relevant to determining reasonableness of fee 1) whether counsel obtained exceptional results for the class; 2) the risk Plaintiffs' Counsel undertook in bringing the case; 3) whether counsel's performance generated benefits beyond the cash settlement fund; and 4) the financial burden class counsel bore in litigating the case),  this Court makes the following findings of fact and conclusions of law:

a.     the common fund method is the appropriate method of calculating attorneys' fees because each member of the classes has an undisputed and mathematically ascertainable claim to part of the lump sum settlement.

b.     the Abrazo Settlement confers a monetary benefit on the Classes that is substantial, both in absolute terms and when assessed in light of the risks of establishing liability and damages in this case;

c.       the Abrazo Settlement confers an additional, very significant benefit on the Classes in the form of an enforceable obligation by the Abrazo Defendants to not repeat the conduct or type of conduct complained of in this action;

d.       there were no objections by members of the Classes to the requested fee award of 25% of the Abrazo Settlement fund;

e.       Co-Lead Class Counsel and Class Counsel have effectively and efficiently prosecuted this difficult and complex action on behalf of the members of the Classes over four years, with no guarantee they would be compensated;

f.       Co-Lead Class Counsel and Class Counsel undertook numerous and significant risks of nonpayment in connection with the prosecution of this action;

g.       Co-Lead Class Counsel and Class Counsel have reasonably expended thousands of hours, and incurred $95,686.01 in out of pocket and unreimbursed expenses and outstanding obligations in prosecuting this action, with no guarantee of recovery;

h.       fee awards similar to the fee requested by Co-Lead Class Counsel and Class Counsel here have been awarded in similar cases as 25% is the benchmark award that is given in common fund cases, *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ("[W]e established 25% of the fund as the 'benchmark' award that should be given in common fund cases.").

i.       the Abrazo Settlement achieved for the benefit of the Classes was obtained as a direct result of Co-Lead Class Counsel and Class Counsel's skillful advocacy;

j.       the Abrazo Settlement was reached following negotiations held in good-faith and in the absence of collusion;

k.      the "percentage-of-the-fund" method is the proper method for calculating attorneys' fees in common fund class actions such as this case because that method provides a "reasonable compensation for creating a common fund".  *Graulty,* 886 F.2d. at 272**;**

l.      Members of the Classes were advised in the Notice of Proposed Settlement of Class Action, which notice was approved by this Court, that Class Counsel intended to move for an award of attorneys' fees in an amount up to 25% of the gross Abrazo Settlement Fund (including any interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action;

m.      Co-Lead Class Counsel and Class Counsel did, in fact, move for an award of attorneys' fees in the amount of 25% of the gross Abrazo Settlement Fund (including the interest accrued thereon), plus reimbursement of reasonable costs and expenses incurred in the prosecution of this action, which motion has been on the docket and publicly available since June 1, 2012, see Doc. No. 719;

n.      As detailed in Plaintiffs Motion for Attorneys' Fees and Reimbursement of Expenses,  a 25% award  would equate to a lodestar multiplier of less than 0.5.  An examination of recently approved multipliers in similar class actions reveal that the multiplier requested here is well within the acceptable range;

o.      in light of the factors and findings described above, the requested 25% fee award is within the applicable range of reasonable percentage fund awards.

Accordingly, Co-Lead Class Counsel and Class Counsel are hereby awarded attorneys' fees in the amount of $400,000 from the Abrazo Settlement Fund, plus 25% of any interest earned on the Abrazo Settlement proceeds from the date the first settlement payment was received into the Abrazo Settlement Fund to the date of payment of the attorneys' fees, at the

same net interest rate earned by the Abrazo Settlement Fund.  The Court finds this award to be fair and reasonable.

Further, Co-Lead Class Counsel and Class Counsel are hereby awarded $95,686.01 out of the Abrazo Settlement Fund to reimburse them for the costs and expenses they incurred in the prosecution of this lawsuit, and for outstanding expenses incurred but not yet paid, which expenses the Court finds to be fair, and reasonably incurred to achieve the benefits to the Classes obtained in the Abrazo Settlement to the Classes.

The awarded fees and expenses shall be paid to Co-Lead Class Counsel and Class Counsel from the Abrazo Settlement Fund in accordance with the terms of the Abrazo Settlement Agreement.  Co-Lead Class Counsel shall allocate the fees and expenses among Co-Lead Class Counsel and all of the Class Counsel.

12.     The Final Order and Judgment, the Abrazo Settlement Agreement, and all negotiations, statements, and proceedings in connection herewith shall not, in any event, be construed or deemed to be evidence of an admission or concession on the part of the Plaintiffs, any Abrazo  Defendant, any member of the Classes, or any other person as an admission of liability or wrongdoing by them, or of the merit of any claim or defense, and shall not be offered into evidence in any action or proceeding (except an action or proceeding to enforce this Abrazo Settlement Agreement and the settlement contemplated thereby) or be used in any way as an admission, concession or evidence of any liability or wrongdoing of any nature, and shall not be construed or deemed to be evidence of, an admission or concession that the Plaintiffs or any other person has or has not suffered any damage, except that any Abrazo Defendant may file this Abrazo Settlement Agreement and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral

estoppel, release, good faith settlement, judgment bar or reduction or any other similar theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Without affecting the finality of this judgment, The United States District Court for the District of Arizona shall retain exclusive jurisdiction over all matters relating to the implementation and enforcement of the Abrazo Settlement Agreement.

14. Class Representatives Barbara A. Craig and Stephanie L. Walker are each hereby awarded $1500, and Cindy Johnson is awarded $3000 out of the Abrazo Settlement Fund, for representing the Classes, which amount is in addition to whatever monies these plaintiffs will receive from the Abrazo Settlement Fund pursuant to the Plan of Allocation.  The Court finds these awards to be fair and reasonable.

15. In the event the Abrazo Settlement does not become final in accordance with paragraph 46 of the Abrazo Settlement Agreement, this Order and Final Judgment shall be rendered null and void as provided by the Abrazo Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and voided to the extent provided by and in accordance with the Abrazo Settlement Agreement.

16. The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 58.  The direction of the entry of final judgment pursuant to Rule 58 is appropriate and proper because this judgment fully and finally adjudicates the claims of the Plaintiffs and the Classes against all Abrazo Defendants in this action, and the Abrazo Defendants are the only remaining defendants in this action.

Dated this 13th day of August, 2012.

_____

Susan R. Bolton
United States District Judge